The third case of the day, United States v. Grisanti, Numbers 1829-93 and 1915-76, and we'll hear first from Ms. Hoffman. Good morning, Your Honors, and may it please the Court. My name is Olivia Hoffman of Jenner & Bloch, and I represent Defendant Appellant Adrian Grisanti. Jenner & Bloch was appointed as pro bono counsel in this matter pursuant to the Criminal Justice Act. I'd like to begin this morning by addressing the various defects in Mr. Grisanti's sentencing procedure that undermine the validity of his sentencing call for vacature. A district judge has a duty to ensure that sentencing is fair. That means it must be an individualized assessment based only on the appropriate sentencing factors and the record before the court. When a judge engages in inappropriate digressions, this undermines the validity of the defendant's sentence because it's impossible to know how these irrelevant considerations figured into the judge's determination. And this is so even when the court also discusses the appropriate sentencing factors. Thus, when there's- Are you referring to Judge Pratt's references to the defense counsel's prior defendant in the same day? Correct, Your Honor. Why is that inappropriate? Everybody's been in the same room. The judge and lawyers are there. I've gone down to that New Albany courthouse to deal with a number of cases on the same day and that sort of cross-reference would not be unusual. Understood, Your Honor. I think, of course, we can expect a district judge to bring his or her experiences to bear on a sentencing. I think the issue here is that the judge's comments, which were made both at the beginning and at the end of the sentencing procedure, suggesting that this other defendant was on the judge's mind throughout, the judge essentially concluded, based on the conduct of another entirely unrelated defendant who re-offended, that Mr. Grisanti would also re-offend. And so I think she has statements to the effect that, I hope you will get some treatment for your condition and when you get out of prison, you won't be like the man we just sentenced before you. It was his second time doing the same thing. Suppose she just says, I hope you won't do this again. The defendant brought up the issue of his addiction, right? Right. So I would hope that a judge would encourage a defendant in that situation to do whatever he could to avoid re-offending. I think it would be different, Your Honor, if she had just said, I hope you won't do this again. And it's true, we would have no way of knowing in that circumstance whether the other defendant was on her mind and that's why she was making that statement. But I think the fact that she made these statements about the other defendant and saying to Mr. Grisanti that he risked being just like this other defendant. What happens if we're talking about if the judge cross-references co-defendants in the same case? Is that okay? I think it would depend on the nature of the comments about the co-defendants. Again I think- How about related cases? To be clear, Your Honor, I'm not suggesting a per se rule where a district court can never make reference to another sentencing or another defendant in another case. It's the suggestion from the transcript that the judge drew an improper conclusion based on the post-conviction conduct of another defendant here. In other words, the fact that this other defendant with a completely different life experience and perhaps a different, obviously different facts giving rise to his conviction, the transcript suggests that the judge concluded on the basis of that defendant's recidivism that Mr. Grisanti too was likely to recidivate. So it's not so much just the fact of mentioning another defendant, but the fact that it appears that the judge may have drawn an improper conclusion on the basis of that. This is- you've brought up sentencing first. It is correct here that this defendant argued that being white was a mitigating factor, correct? His counsel made reference to a risk offender tool for which one of the factors was race, that's correct. And argued that because he was white and employed, he was a lower risk of recidivism. It was one of the arguments that went toward Mr. Grisanti, or his trial counsel's argument that Mr. Grisanti posed a low risk of recidivism, that's correct. He did back away from the risk offender tool. I have never seen such a thing in the transcript. Understood Your Honor. And is it correct that it was the defense that raised the issue of addiction? The defense did raise the issue of addiction. So why is your argument about error in the judge's comments about addiction not in essence a case of invited error? I think the issue- our position is that the judge went a step further than what Mr. Grisanti's trial counsel perhaps inelegantly did in the sentencing memorandum, which was to suggest an analogy between Mr. Grisanti's conduct and that of someone who has an addiction to substance abuse. But I think this court drew a pretty hard line in Majewski where it raised on its own the issue of a court's medical diagnosis. And I think in that case, the defendant actually did introduce expert testimony on his mental health. Counsel, what worries me here, I'm going to refer to the arguments that we've already heard this morning. Sure. Fair enough? Yes. Okay. And where other defendants were arguing, the district judges did not address their principal arguments in mitigation. Seems to me that one of the principal arguments in mitigation here the judge had to address was Mr. Grisanti's argument that he was addicted to child pornography. And if the judge had not said what she said, if we had appointed you in his appeal, you would be arguing failure to address the principal argument in mitigation. So I don't know how much of a razor's edge you want to put the district judge on when the defense makes an argument like that. I understand the catch-22 that appears to be present in this kind of situation. I think under Majewski, the right thing for the district judge to have done would have been, and she did do this in connection with Mr. Grisanti's trial counsel's use of the risk offender tool, but to ask whether there is any expert evidence indicating that he had a medically diagnosable illness that required treatment, lest he, you know, otherwise it would be inevitable that he would reoffend. So I think there would be a way for the judge to address Mr. Grisanti's trial counsel's argument that there may be some similarities to the behavior of a substance abuser and further and concluding that he has an illness that, unless treated, will necessarily cause him to reoffend. I see him going into my rebuttal. Do you want to address the warrant issue? Sure, Your Honors. So better to address it now than later, and if you need a couple of extra minutes, you've got them. Understood. So as this court is aware, Your Honors decided previously in United States v. Kynast that the evidence obtained pursuant to the NIT warrant, the network investigative technique, is admissible under the good faith exception, and we understand that just this past week the government filed a notice of supplemental authority advising that other circuit courts have jumped on board this. Our argument on this front is that these decisions overlook the active role that law enforcement played in obtaining this warrant, that every circuit that has addressed the issue of the warrant is unconstitutional. So it's not simply an error on the part of the... Would it be correct that a district judge could issue such a warrant? Could have issued such a warrant at the time that one was issued? That's correct, Your Honor. Why then is it unconstitutional? I think it's unconstitutional because the authority of a magistrate judge is limited by the Federal Magistrates Act and the... Could a state court judge issue such a warrant under the United States Constitution? I think it would depend on the state law... The issue is whether a valid warrant issued. So I think if a state court judge issued a valid warrant that was valid under the rules of that state, then it could, but there's some question as to whether the... I think the state statute that authorizes a state judge to do that might have some constitutional questions. I don't quite understand what you're telling us, but I understand your objection to the and a magistrate judge, under the law at the time that particular warrant was issued. I can imagine an argument that says the difference between Article III and Article I makes a difference. That's why I'm asking about whether it's unconstitutional for a state judge to issue a warrant, let's say, that would have authorized the use of this software to identify computers that were or hooking up with the... Again, I don't think it's necessarily unconstitutional for a state judge to issue that warrant. I think the issue was whether a valid warrant ever issued by someone with jurisdiction. So if a state court judge had jurisdiction to issue a valid warrant that permitted this kind of search, then that wouldn't be unconstitutional. But I don't know, and it would depend on the state law, whether it authorized the issuance of this kind of search. Okay. Thank you. Okay. Thank you. And you'll have a couple of minutes for rebuttal. Okay. For the government, Mr. Reitz. May it please the court. Brian Reitz for the United States. I would like to start with the sentencing issues. First, Mr. Grisanti invited any error about the mental health or illness aspect of his sentencing. As Judge Hamilton pointed out, I think Mr. Grisanti's argument placed the district court on a razor's edge. In Mr. Grisanti's sentencing memorandum, he said that he had an illness, a mental health illness that operated akin to an addiction, and that he needed help to, quote, overcome it. The district court, first of all, was required under this court's precedence to address this principal mitigation argument. And in fact, the district court accepted Mr. Grisanti's argument that he could improve and if he accepted responsibility and got the treatment he needed, he would be at a lower risk to offend. So Mr. Grisanti's appeal here is one that the district court effectively should have either ignored or discounted his own principal mitigation argument, which I think can't be right. Mr. Grisanti references Majeski. That case is significantly different in that, in that case, the defendant called an expert witness, a psychologist, to testify about pedophilic identification, and the district court disagreed with that expert. Here all the district court did was accept what Mr. Grisanti had told the court. And I do want to point out, too, Mr. Grisanti here said that the court should have asked him if an expert had diagnosed him. The district court did do that on sentencing transcript page 15. So the sentencing judge was under no misapprehension that there was an expert diagnosis. Moving on to the reference to a different offender, I think the biggest broad point here is that the district court did not presume that Mr. Grisanti was going to reoffend. In fact, referencing the first part of my argument, the district court accepted Mr. Grisanti's argument that if he got treatment, he would be at a lower risk to reoffend. And referencing the prior defendant was a way to encourage the defendant here to seek the treatment and hopefully not reoffend. Before moving on to the warrant, I think one point of clarification to my brief is necessary. Mr. Grisanti at the sentencing hearing said that he was requesting a sentence at the lower end, which we took as a lower end of the guidelines. But the judge later on said that Mr. Grisanti was requesting the sentence of 78 months, which he requested in the sentencing memorandum. So to the extent that our brief said that Mr. Grisanti backed off from the below guidelines request, the district court judge did not understand it that way. As to the knit warrant, we would just ask this court to follow its own precedence, connect, and as we recently filed a 20HA letter at this point in time, circuits 1 through 11 have all held the good faith doctrine applies. There's no reason to counteract this court or those 10 other circuits' opinions. And there are no further questions. The governor will be happy to rest on its breed. Thank you. Thank you, Mr. Wright. Rebuttal, Ms. Hoffman. Your Honors, I would just like to note that it may be that the reference to the prior defendant was a way to encourage Mr. Grisanti to not do this again. But the point here, I think, is that we don't know the answer to that. And it's enough that doubt was cast on what was on the judge's mind and whether she went beyond the appropriate statutory sentencing factors in the record before her and considered the fact that another defendant recidivated in evaluating Mr. Grisanti's individual risk of recidivating. And we would submit, Your Honor, that remand is necessary in order to guarantee Mr. Grisanti the right to fair process that he's entitled to. And we would also just emphasize that this is not harmless error here just because Mr. Grisanti received a guideline sentence, which is a point that government emphasizes in their brief. This court has, on numerous occasions, vacated sentences that were within or even below the guidelines when it's found procedural error. So it can't be assumed that the judge acted appropriately just because she gave a guideline sentence. For those reasons and for those stated in our brief, we'd ask that you vacate his sentence and his conviction. Thank you very much, counsel. Mr. Reitz, Ms. Hoffman, and Ms. Hoffman, thank you to you and your law firm for having taken on this assignment and your service to your client and to the court. Thank you, Your Honor. We'll move on.